FILED

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria DIVISION

2009 SEP 29 A 9: 37

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| **PROMONTORY INTERFINANCIAL NETWORK, LLC**<br>1515 N. Courthouse Road, Suite 800<br>Arlington, Virginia 22201<br><br>Plaintiff,<br><br>v.<br><br>**INTRASWEEP LLC**<br>1250 Broadway, Thirty-Second Floor<br>New York, New York 10001<br><br>Defendant. | Civil Action No. 1:09CV1094 LO/TRJ<br><br>COMPLAINT FOR PATENT INFRINGEMENT<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Promontory Interfinancial Network, LLC ("Promontory") complains against Defendant Intrasweep LLC ("Intrasweep" or "Defendant") as follows:

### JURISDICTION AND VENUE

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2. Upon information and belief, this Court has specific and general personal jurisdiction over the Defendant under the due process clause and/or the Virginia Long-Arm Statute, due at least to its substantial business in this forum, including (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other

persistent courses of conduct, and/or deriving substantial revenue from goods, products, services, and/or programs provided to individuals in Virginia and in this District.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b) because the Defendant has committed acts of infringement within this District giving rise to this action, and the Defendant has and continues to conduct business in this District, including one or more acts of making, selling, using, and/or offering for sale infringing products, services, and programs as well as providing service and support to its customers in this District.

## THE PARTIES

4. Plaintiff Promontory Interfinancial Network, LLC is a Delaware limited liability company with its principal place of business at 1515 N. Courthouse Road, Suite 800, Arlington, Virginia 22201.

5. Upon information and belief, Defendant Intrasweep LLC is a limited liability company organized and existing under the laws of Delaware with its principal place of business at 1250 Broadway, Thirty-Second Floor, New York, New York 10001, and doing business throughout this District and throughout the United States.

## THE PATENT IN SUIT

6. On September 29, 2009, United States Patent No. 7,596,522 ("the '522 patent") titled "Computer Program Product for Fully Insuring Large Bank Deposits" issued to Promontory as assignee of the inventor. A copy of the '522 patent is attached as <u>Exhibit A</u>.

7. The '522 patent, according to the abstract, sets forth an automated system for processing large deposits that exceed an established deposit insurance limit so that such deposits are fully insured. The large deposits are received by a plurality of unaffiliated banks, partitioned

into a plurality of deposit portions, and distributed to other banks, at least some of which also send deposits into the network for distribution to other banks.

8.  Promontory owns the '522 patent. Promontory maintains all rights to enforce the '522 patent.

## CAUSE OF ACTION

### The Defendant's Infringement of the '522 Patent

9.  The allegations contained in paragraphs numbered 1 through 8 are incorporated by reference herein with the same force and effect as if set forth in full below.

10.  Upon information and belief, Defendant offers, within the United States and this District, a money management program designated as Demand Deposit Marketplace or "DDM," which includes automated systems for operating a network for distributing portions of accepted deposits among multiple participating unaffiliated banks in a reciprocal fashion, and offering enhanced FDIC insurance.

11.  Upon information and belief, Defendant has directly, indirectly, literally, equivalently, jointly, and contributorily infringed, and continues directly, indirectly, literally, equivalently, jointly, and contributorily to infringe, at least Claim 1 of the '522 patent, in violation of 35 U.S.C. § 271, by making, using, offering to sell, and/or selling infringing products, services, and/or programs including DDM within this District and elsewhere. In addition, upon information and belief, Defendant has directly, indirectly, literally, equivalently, jointly, and contributorily induced others, and continues directly, indirectly, literally, equivalently, jointly, and contributorily to induce others, to infringe at least Claim 1 of the '522 patent.

Patent Infringement Complaint

12. As a direct and proximate result of the Defendant's infringement of the '522 patent, Promontory has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless the Defendant's infringing activities are enjoined by this Court.

13. Unless a permanent injunction is issued enjoining the Defendant and its officers, agents, servants, employees, and those persons acting in active concert or participation with them from infringing the '522 patent, Promontory will be greatly and irreparably harmed.

14. To the extent that facts learned in discovery show that the Defendant's infringement is, or has been, willful, Promontory reserves the right to request such a finding at trial.

## PRAYER FOR RELIEF

WHEREFORE, Promontory Interfinancial Network, LLC ("Promontory") prays for:

a. A judgment that the '522 patent is infringed by Defendant Intrasweep LLC.

b. A permanent injunction enjoining Defendant Intrasweep LLC, its officers, agents, servants, employees, and those persons acting in active concert or participation with them or any of them from infringing, inducing the infringement, or contributorily infringing the '522 patent.

c. An award of damages adequate to compensate Promontory together with pre-judgment and post-judgment interest, costs, and a judgment that the damages so adjudged be increased by the Court pursuant to 35 U.S.C. § 284.

d. A judgment that this is an exceptional case and that Promontory be awarded its attorneys' fees, costs, and expenses incurred in this action pursuant to 35 U.S.C. § 285.

e. Awarding Promontory such other relief as the Court deems just and appropriate.

Patent Infringement Complaint

## DEMAND FOR JURY TRIAL

Promontory requests a jury trial on all issues triable thereby.

Dated: September 29, 2009                    Respectfully submitted,

*/s/ Andrew A. Nicely*

Robert D. Gilbert, Esq.                      Andrew Nicely, Esq. (Va. Bar No. 41750)
rgilbert@mayerbrown.com                      anicely@mayerbrown.com
Mayer Brown LLP                              Luke Levasseur, Esq. (Va. Bar No. 35384)
1675 Broadway                                llevasseur@mayerbrown.com
New York, New York 10019-5820                Mayer Brown LLP
Telephone: (212) 506-2500                    1999 K Street, N.W.
Facsimile: (212) 262-1910                    Washington, DC 20006-1101
                                             Telephone: (202) 263-3000
                                             Facsimile: (202) 263-3300

                                             Counsel for Plaintiff
                                             PROMONTORY INTERFINANCIAL NETWORK, LLC